IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICTOR ANTHONY ORTEGA, | | |
| Petitioner, | No. 2:13-cv-1913 KJN P | |
| vs. | | |
| CONNIE GIPSON, | ORDER and | |
| Respondent. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

This action is proceeding on the original petition filed September 16, 2013. Petitioner raises four claims: 1) insufficient evidence; 2) jury instruction error; 3) trial court erred by refusing to allow petitioner to discharge retained trial counsel; and 4) ineffective assistance of trial counsel.

Pending before the court is petitioner's September 16, 2013 motion to stay this action pending exhaustion of an unexhausted claim. For the following reasons, the undersigned recommends that the motion be granted.

////

II. Motion to Stay

In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court held that a district court is permitted to stay a mixed petition – a petition containing both exhausted and unexhausted claims – in "limited circumstances," so that a petitioner may present his unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. 544 U.S. at 273-75, 277-78. Under Rhines, a district court must stay a mixed petition only if (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id. at 278; King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). In Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court approved the filing of "protective petitions":

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end he was never 'properly filed,'" and thus that his federal habeas petition is time barred. Brief for Petition 30. A prisoner seeking post conviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1531 (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Pace, 544 U.S. at 416.

In the pending motion to stay, petitioner states that only the first three claims are exhausted. Petitioner alleges that he has a habeas corpus petition pending in the California Supreme Court raising the fourth ineffective assistance of counsel claim.

Turning to the issue of good cause, petitioner argues that appellate counsel did not raise the fourth claim in the petition for review filed in the California Supreme Court because petitioner's ineffective assistance of counsel claim was outside the record on appeal and could only be raised in state habeas corpus proceedings. (ECF No. 2 at 3.) Petitioner, proceeding without counsel, filed the ineffective assistance of counsel claim in the California Supreme Court

during the pendency of his criminal appeal. The California Supreme Court denied petitioner's claim, finding that petitioner failed to plead specific facts to support his claim. In an attempt to cure this defect, petitioner, proceeding through counsel, filed a second petition in the California Supreme Court on September 11, 2013, which is currently pending. (ECF No. 2 at 3 n.2.)

In Rhines, the Supreme Court did not explain what showing would satisfy the requirement that a habeas petitioner demonstrate "good cause" for a prior failure to exhaust. Following Rhines, the Ninth Circuit opined that "good cause" for failure to exhaust requires something less than "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (applying the Supreme Court's mandate on remand).

In his motion to stay, petitioner argues that his reasonable confusion regarding whether his state petitions will be found timely or properly filed constitutes good cause for the filing of a protective petition. In support of this argument, petitioner states that the California Supreme Court denied his petition for review on July 11, 2012. Petitioner did not file a petition for writ of certiorari; thus, his conviction became final 90 days later on October 9, 2012. Petitioner states that he had until October 9, 2013, to file a timely federal petition. Pursuant to the mail box rule, this action was filed on September 13, 2013. According to the information provided by petitioner, the instant action is timely.

Petitioner alleges that he filed the second state habeas petition in the California Supreme Court in an effort to remedy the prior defects. However, if the court finds that the second petition was not properly filed, petitioner may not be granted tolling for the pendency of such filing, warranting good cause for the granting of the requested stay.

The undersigned finds that petitioner's reasonable confusion constitutes good cause to file a protective petition under Pace, 544 U.S. at 416.

////

Turning to the other two <u>Rhines</u> factors, it appears that the unexhausted claims are potentially meritorious. There is no indication that petitioner intentionally engaged in dilatory litigation tactics.

For the reasons discussed above, the undersigned recommends that petitioner's motion to stay be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that petitioner's motion to stay (ECF No. 2) be granted; this action be administratively stayed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 23, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

orte1913.stay

4